UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JESUS ALBERTO SARMIENTO PERDOMO,
Petitioner,

v.

MICHAEL NESSINGER, *Warden, Donald W. Wyatt Detention Facility*; DAVID T. WESLING, *Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations (ICE/ERO)*; DAVID VENTURELLA, *Acting Director of U.S. Immigration and Customs Enforcement (ICE)*; MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security (DHS)*; U.S. DEPARTMENT OF HOMELAND SECURITY; and TODD BLANCHE, *Attorney General of the United States*,
Respondents.

No. 26-cv-574-JJM-AEM

## ORDER

Jesus Alberto Sarmiento Perdomo has filed this Habeas Petition under 28 U.S.C. § 2241, arguing that his arrest and continued detention by Immigration and Customs Enforcement ("ICE") is unlawful, and that he must be released and given a bond hearing before an immigration judge ("IJ") pursuant to 8 U.S.C. § 1226(a). ECF No. 1.

There is no real dispute in this case.[1] Following the First Circuit's decision in *Guerrero Orellana*, the Government has responded to the Petition and concedes that, as a noncitizen unlawfully present in the United States, Mr. Sarmiento Perdomo "has been detained under 8 U.S.C. § 1226(a)." ECF No. 5 at 1 (citing *Guerrero Orellana v. Moniz*, Nos. 25-2152, 26-1094, --- F.4th ----, 2026 WL 2352042, at *1 (1st Cir. Aug. 13, 2026)). Recognizing that the Court "will apply [*Guerro Orellana*] and order a bond hearing under 8 U.S.C. § 1226(a),"[2] the Government submits "that the Court may resolve the petition without further briefing or oral argument." *Id.*

The Court agrees. And not only will it order a bond hearing for Mr. Sarmiento Perdomo, but the Court will also order his immediate release from ICE custody. *See Guerrero Orellana*, 2026 WL 2352042, at *1 (holding that "the district court was right to order the government to release [a petitioner in this position] or provide him with a bond hearing"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he

---

[1] The Government's sole argument as to why the Petition should be denied is because Mr. Sarmiento Perdomo "has not directly asked the Immigration Court for a bond hearing and, thus, has not exhausted administrative remedies before filing a habeas petition in this Court." ECF No. 5 at 1. This argument is without merit. As the Government should know by now, the Board of Immigration Appeals ("BIA"), which oversees the immigration courts, has recognized that IJs "lack authority to hear bond requests or to grant bond to [noncitizens] . . . who are present in the United States without admission." *Matter of Yajure Hurtado*, 29 I&N Dec. 216, 225 (BIA 2025). And as the Government itself acknowledges, "[t]here is no allegation or evidence that [it] [is] aware of that [Mr. Sarmiento Perdomo] entered the United States lawfully." ECF No. 5 at 1. Because requiring Mr. Sarmiento Perdomo to ask an IJ for bond would be an exercise in futility, the Court will not require exhaustion in this case. *See Portela-Gonzalez v. Sec'y of the Navy*, 109 F.3d 74, 79 (1st Cir. 1997) (recognizing "the inappropriateness of requiring exhaustion when further agency proceedings would be futile").

[2] It is, of course, this Court's duty to follow the law of the First Circuit. *See United States v. Barbosa*, 896 F.3d 60, 74 (1st Cir. 2018).

essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

## CONCLUSION

Accordingly, the Court GRANTS Mr. Sarmiento Perdomo's Habeas Petition. ECF No. 1. The Government is hereby ORDERED to release Jesus Alberto Sarmiento Perdomo immediately. Per its request, the Government is permitted to transfer Mr. Sarmiento Perdomo to ICE's Boston Field Office in Burlington, Massachusetts for the sole purpose of processing his release and allowing for any return of property. ECF No. 5 at 2. However, the Court DENIES the Government's additional request to place "any monitoring equipment deemed appropriate." *Id.* Because the Government did not have the lawful authority to detain Mr. Sarmiento Perdomo in the first place, the Court will not permit the Government to keep him "in custody" through the use of monitoring equipment pending the bond hearing. *See Morales v. Hyde*, No. 26-cv 093-JJM-PAS, 2026 WL 508811, at *3-4 (D.R.I. Feb. 24, 2026) (denying similar request from the Government because "[i]t does not follow . . . that ICE gets to keep [the petitioner] 'in custody' once he leaves the Wyatt Detention Facility"). Effectuating Mr. Sarmiento Perdomo's transfer to Burlington shall not in any way impede his **immediate release**.

The Government is also ORDERED to provide Jesus Alberto Sarmiento Perdomo with a bond hearing before an IJ under 8 U.S.C. § 1226(a) within ten (10) days of the date of this Order. Should it choose to pursue Mr. Sarmiento Perdomo's

continued detention, the Government must show why less restrictive alternatives to detention would be inadequate for it to achieve its goals. *See Higiro v. Nessinger*, No. 26-cv-105-JJM AEM, 2026 WL 710297, at *8 (D.R.I. Mar. 13, 2026) (finding that due process requires IJs to consider alternatives to detention at bond hearings to ensure that detention is not arbitrarily imposed and bears a reasonable relation to the Government's interests). The IJ shall consider any alternatives to detention before making a finding as to flight risk or dangerousness. *See Brito v. Garland*, 22 F.4th 240, 254 (1st Cir. 2021) (noting that to require otherwise would be "to put the cart before the horse").

Finally, the Court ORDERS the Government to file a status report within five (5) days of Mr. Sarmiento Perdomo's bond hearing, stating whether he has been granted bond. If Mr. Sarmiento Perdomo's request for bond is denied, the Government shall state the reason for that denial and whether Mr. Sarmiento Perdomo has been re-detained by ICE.

IT IS SO ORDERED.

***/s/ John J. McConnell, Jr.***

JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

August 22, 2026